# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOSEPH T. ROMERO

    Plaintiff Pro Se,

v.                                             CIV 01-1025 WJ/WWD

CITY OF ALBUQUERQUE, J. SKINNER, APD
and H.G. GOLSON, APD,

    Defendants.

## **MEMORANDUM ORDER AND OPINION**

THIS MATTER comes before the Court pursuant to Defendant City of Albuquerque's Motion to Dismiss in Lieu of an Answer (Docket No. 5). Plaintiff filed his Complaint on September 4, 2001 alleging civil rights violations under 42 U.S.C. § 1983. In his Complaint, Plaintiff alleges that Defendants caused him irreparable harm, deprived him of his civil rights, and deprived him of due process of law and equal protection by their actions in investigating and then testifying falsely under oath in a civil case in or about June 1998. Defendant City of Albuquerque moves this Court to dismiss all claims for failure to state a claim upon which relief can be granted, and as grounds states that the Complaint shows on its face that the action is barred by the applicable statute of limitations.

"A complaint should not be dismissed for failure to state a claim unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Curtis Ambulance of Florida, Inc. v Board of County Comm'n of the County of Shawnee, Kansas</u>, 811 F.2d 1371, 1375 (10th Cir. 1987). When deciding a motion to dismiss

pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded allegations in the Complaint and construe them in the light most favorable to the plaintiff.  Bullington v United Air Lines, Inc., 186 F.3d 1301, 1311 (10th Cir. 1999).  Dismissal under Rule 12(b)(6) is proper "when a complaint, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period."  Id. at 1311 n. 3.  The United States Supreme Court has held that the statute of limitations on a Section 1983 claim is governed by the forum state's statute of limitations on actions for personal injury.  Wilson v Garcia, 471 U.S. 261, 266-67, 276 (1985).  The New Mexico statute of limitations period for actions for personal injury is three years.  N.M. Stat. Ann. 1978 § 37-1-8.

Plaintiff's Complaint, on its face, seeks relief under Section 1983 for alleged wrongs that occurred more than three years before the Complaint was filed.  As such, even accepting all of Plaintiff's well-pleaded allegations as true, Plaintiff can prove no set of facts upon which relief can be granted.  Because this rule of law would be equally applicable to any Defendant named in this action, Plaintiff's Complaint, in its entirety, should be dismissed under Fed. R. Civ. P. 12(b)(6).

IT IS THEREFORE ORDERED that Defendant City of Albuquerque's Motion to Dismiss in Lieu of an Answer is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint, in its entirety, is hereby DISMISSED with prejudice.

_____
UNITED STATES DISTRICT JUDGE